[No. A042153. First Dist., Div. One. Apr. 23, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
GREGORY SCOTT ASHLEY, Defendant and Appellant.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for partial publication. The portion to be published follows.

**COUNSEL**

Eric S. Multhaup, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Laurence K. Sullivan and Genald A. Engler, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**NEWSOM, Acting P. J.**—An information filed in Alameda County on May 23, 1984, charged Gregory Scott Ashley (hereafter appellant) with murder (Pen. Code, § 187) and rape (Pen. Code, § 261, subd. (2)). After his first trial ended in a mistrial with a deadlocked jury, a second trial resulted in a verdict of guilty of second degree murder, with an enhancement for firearm use, and unlawful sexual intercourse (Pen. Code, § 261.5), a lesser offense included in the charge of rape. On April 15, 1988, the court sentenced appellant to 15 years to life on the murder conviction and stayed sentences on the firearm enhancement and the conviction of unlawful intercourse.

. . . . . . . . . . . . . . . . . . .*

■　Lastly, appellant maintains that the trial court erred in refusing to allow defense counsel to use a small tape recorder during trial. He explained

---

*See footnote, *ante,* page 919.

that he needed sound recordings as personal notes during cross-examination of witnesses: "The reason I wanted to use this is that I find it very difficult to take accurate notes of my cross-examination because I'm concentrating on asking the question other than writing them down, and it interrupts the flow of my cross-examination to constantly write down what the witness says before I ask him the next question." The tape recorder operated silently and was five inches by four inches by one inch in size. Defense counsel proposed to place it among the books on counsel table. He assured the court that "the jury would only become aware of it if they look carefully on the table." Nevertheless, the court found that the tape recorder would be distracting and refused to allow its use.

California Rules of Court, rule 980(c), provides: "Unless otherwise ordered for cause, inconspicuous personal recording devices may be used by persons in a court room to make sound recordings as personal notes of the proceedings." We consider that the trial court abused its discretion in refusing to allow use of the tape recorder under this rule. Defense counsel proposed to use the device for precisely the purpose contemplated by the rule. The device could hardly have been more inconspicuous. In denying permission to use the tape recorder, the court was taking issue with the rule itself rather than with the manner in which defense counsel intended to use the device.

Appellant concedes, however, that he "cannot specify any quantifiable amount of prejudice accruing from the court's erroneous ruling" and seeks only a "ruling for purposes of retrial. . . ." We agree, while the ruling may have made counsel's work more difficult, the record does not disclose that it interfered prejudicially with cross-examination.

The judgment is affirmed.

Stein, J., and Holmdahl, J.,* concurred.

A petition for a rehearing was denied May 23, 1990, and appellant's petition for review by the Supreme Court was denied August 1, 1990.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.