[No. B156294. Second Dist., Div. Eight. June 16, 2003.]

DAVID L. KAHN, Plaintiff and Appellant, v.
LASORDA'S DUGOUT, INC., et al., Defendants and Respondents.

**COUNSEL**

David L. Kahn, in pro. per., for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

## OPINION

## RUBIN, J.—

### INTRODUCTION

Plaintiff David L. Kahn appeals from an order dismissing his fourth amended complaint following an unsuccessful application for the entry of default.[1] Because the trial court failed to exercise discretion in deciding whether to accept copies of promissory notes in lieu of the originals at the default prove-up hearing, we reverse and remand for a new hearing.

### PROCEDURAL SUMMARY AND FACTUAL STATEMENT

As there was no contested factual determination, the underlying events are gleaned from the complaint, plaintiff's declaration filed in support of his default application, and responses to plaintiff's requests for admission. Essentially, plaintiff claimed to have loaned defendant Tommy Lasorda, Inc. (Lasorda Inc.), $25,000. The loans were memorialized in two promissory notes for $12,000 and $13,000, respectively. In addition, Lasorda Inc. and defendant Lasorda's Dugout, Inc. (Dugout) guaranteed payment of the two notes. Neither defendant repaid the monies when they became due, so plaintiff brought this action.

The record does not disclose the entire history of the litigation, but, as noted, the operative pleading was the fourth amended complaint. Apparently, at some point in time the case was hotly contested because not only were demurrers and amended pleadings filed, the trial judge appointed a discovery referee to handle various disputes. On April 7, 1998, the referee issued an order striking the answer of Lasorda Inc. and awarding plaintiff sanctions in the amount of $6,080.50, most of which represented earlier sanctions. Meanwhile Dugout, although apparently served, did not answer, and its default was taken.[2]

On September 28, 2001, the court held a default prove-up hearing. Plaintiff, a lawyer, appeared in propria persona. There were no appearances by

---

[1] Although plaintiff states he is appealing from the order denying entry of default judgment and subsequent motion for reconsideration, he cites no authority that either is an appealable order. However the minute order also dismissed the action in its entirety. Accordingly, we treat the minute order, which was in writing, signed by the court, and filed in the action, as an appealable judgment. (See Code Civ. Proc, § 581d; *Chauncey v. Niems* (1986) 182 Cal.App.3d 967, 971 [227 Cal.Rptr. 718].)

[2] Plaintiff does not include in his appellant's appendix either a request for entry of default as to Dugout or an order entering the default of Lasorda Inc. following the referee's order striking the answer. The docket sheet reflects the entry of a default against an unidentified party on May 30, 2000. Because that date was more than four years after service on Dugout and nearly two years after the referee's order, it is not possible to link this default to a

defendants. Prior to the hearing, plaintiff had submitted two packets of materials to the court. The documents included plaintiff's declaration, his requests for admission and Lasorda Inc.'s responses thereto, various exhibits, the summons, and proof of service. The court queried plaintiff about the extent of the prove-up materials and confirmed that plaintiff was seeking default judgments against both Lasorda Inc. and Dugout. There was no substantive discussion about either the law of promissory notes or guarantees or the procedural posture of the case. The court then took the matter under submission.

On October 19, 2001, the court issued a minute order that stated in part: "Plaintiff has failed to provide the Court with the originals of the promissory notes as required by California Rule of Court 234 [rule 234]. Plaintiff has failed to meet the burden of proof necessary for default judgment. Plaintiff's Request for the Entry of Default Judgment as to defendants Lasorda's Dugout, Inc and Tommy Lasorda, Inc. is denied." After observing that the claims against the only other defendant, Steven Fox, had been submitted to binding arbitration, the court dismissed the matter "in its entirety." Plaintiff was not offered an opportunity to submit additional evidence in an attempt to cure any defects in his prove-up.

Thereafter, plaintiff sought reconsideration. On December 31, 2001, the trial court denied the motion. This appeal followed.[3]

## DISCUSSION

Plaintiff argues that the trial court erred when it: (1) required him to submit the original promissory notes; (2) ignored the guarantee as a separate basis for relief; and (3) concluded that plaintiff had failed to meet his burden of proof. He contends that not only were the orders denying the entry of a default judgment and dismissing the case contrary to law, they violated his federal and state constitutional rights. We conclude that the trial court failed to exercise its discretion in deciding whether to accept copies of the notes. We remand for the court to reconsider its ruling in light of the discretion that

particular defendant. Although we note that plaintiff has failed to provide us with a complete record, we conclude this omission is not fatal to a determination of the appeal.

[3]Neither Lasorda Inc. nor Dugout filed a respondent's brief in this court. The record does not reveal whether this failure was based on a belief that as defaulting defendants they were not entitled to file a respondent's brief or for some other reason. (See *Corona v. Lundigan* (1984) 158 Cal.App.3d 764, 767 [204 Cal.Rptr. 846] [defaulting defendant has limited appellate rights].) On July 2, 2002, the court sent written notification to trial counsel for Lasorda Inc. that, unless it filed a respondent's brief within 15 days, the appeal would proceed under California Rules of Court, rule 17(a)(2) (where respondent fails to file a timely brief, the court may decide the case on the record before it). The court received no response. All further rule references are to the California Rules of Court.

it has. Because we cannot determine if the court's conclusion that plaintiff failed to meet his burden of proof is predicated on the failure to submit the original notes or for some other reason, that issue is more appropriate for the trial court to address in the first instance after the court exercises the required discretion. Finally, because we reverse for other reasons, we do not consider plaintiff's constitutional arguments.

We start our analysis with the rule on which the trial court founded its decision to deny entry of default and to dismiss the case. Rule 234 provides: "In all cases in which judgment is rendered upon a written obligation to pay money, the clerk shall, at the time of entry of judgment, unless otherwise ordered, note over his official signature and across the face of the writing the fact of rendition of judgment with the date thereof and title of the court and cause."

Plaintiff contends that, under the circumstances of this case, where he had lost the original notes, the trial court erred in not accepting copies. He cites no case authority for this proposition. The dearth of prior cases on the precise subject, however, is not surprising, as our research has uncovered only one reported case that discusses *any* aspect of either rule 234 or its repealed, identical municipal court counterpart, former rule 522. That case, *Bill Benson Motors, Inc. v. Macmorris Sales Corp.* (1965) 238 Cal.App.2d Supp. 937 [48 Cal.Rptr. 123], is not particularly helpful because the opinion contains only a description of trial court practice and does not purport to establish principles for interpreting the rule. There, the cross-complaint sought safekeeping during litigation and eventual destruction by the clerk of certain items of negotiable paper on which the plaintiff had based its complaint. In characterizing the effect of the cross-complaint, the appellate department observed: "This is relief which a court of law (as distinguished from equity) customarily gives in course of rendering a money judgment on contracts involving written instruments. Where rights on a written instrument are merged into a judgment, the clerk is under a duty to take up such instruments and to note such merger on the instruments. (Cal. Rules of Court, rule 522.) In fact, such notation stamp has been put on the said eleven drafts which were introduced in the trial as part of Exhibit 1." (*Id.* at p. Supp. 941.)

Without direct appellate authority to guide our inquiry into the meaning of rule 234, we turn to general principles of law. First, the interpretation of a rule of court is governed by the same precepts that apply to statutory interpretation. ■ "The usual rules of statutory construction are applicable to the interpretation of the California Rules of Court." (*Volkswagen of America, Inc. v. Superior Court* (2001) 94 Cal.App.4th 695, 703 [114

Cal.Rptr.2d 541].) This means our primary object is to determine the drafters' intent. "The words of the statute are the starting point. 'Words used in a statute . . . should be given the meaning they bear in ordinary use. [Citations.] If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature . . . .' " (*Wilcox v. Birtwhistle* (1999) 21 Cal.4th 973, 977 [90 Cal.Rptr.2d 260, 987 P.2d 727].)

■ On its face, rule 234 does not purport to address the circumstances under which a party, in a default proceeding or trial, may use a copy in lieu of the original of a promissory note or other written obligation to pay. Rather, it appears to be directory only to the *clerk* of the court, by stating that the clerk must undertake certain obligations with respect to a category of judgments. Indeed, temporally, the rule speaks to postjudicial determination, and does not even appear to address the subject of admissibility of writings at hearing or trial.[4] A contrary interpretation would appear to create a conflict between rule 234 and various Evidence Code provisions that generally permit the use of secondary evidence (including copies) to prove the content of a writing. (See Evid. Code, §§ 1521 et seq., 1550 et seq.) **(3)** If rule 234 were irreconcilable with the Evidence Code, the former would have to yield for rules "promulgated by the Judicial Council may not conflict with governing statutes." (*Hess v. Ford Motor Co.* (2002) 27 Cal.4th 516, 532 [117 Cal.Rptr.2d 220, 41 P.3d 46].)

■ Having made these observations, we do not rest our decision on this ground, for there is a narrower basis for affording plaintiff the relief he seeks, and we are reluctant to give definitive construction to the rule as a whole given that this is an appeal from the entry of a default judgment, no respondents' brief has been filed, and the matter is proceeding under rule 17(a)(2). Rather, we return to that portion of rule 234 which states the clerk shall make the entries on the written instrument *"unless otherwise ordered."* (Italics added.) This phrase is commonly used throughout the Rules of Court. (See, e.g., rules 103 [appellate division calendars], 243 [removal of court papers], 317 [filing of papers], 326 [change of venue motions], 367 [consolidation of cases], 953 [Supreme Court review of State Bar proceedings].) Using the principles of statutory construction referred to earlier, we conclude that the phrase "unless otherwise ordered" unambiguously provides the trial court with discretion in determining whether original notes are to be inscribed as provided by rule 234. The phrase "unless otherwise ordered" has been considered the legal equivalent of the grant of judicial discretion for nearly a century (see *Perry v. Industrial Acc. Comm.* (1917) 176 Cal. 706,

---

[4]Rule 234 is exceedingly narrow in scope, directing the clerk to make only a notation on the instrument of the "fact of rendition of judgment," together with the date and case name.

709-710 [169 P. 353]), and in a vast variety of settings. (See *People v. Brigham* (1979) 25 Cal.3d 283, 286, fn. 4 [157 Cal.Rptr. 905, 599 P.2d 100] ["unless otherwise ordered" equates to grant of discretion in determining length of oral argument]; *Perry v. Industrial Acc. Comm., supra*, at pp. 709-710 [same, in context of workers' compensation benefits]; *People v. Ashley* (1990) 220 Cal.App.3d 919, 921 [269 Cal.Rptr. 769] [tape recording judicial proceedings]; *Estate of Houchin* (1958) 160 Cal.App.2d 81, 86 [324 P.2d 647] [probate orders]; *Salomons v. Lumsden* (1949) 95 Cal.App.2d Supp. 924, 928-929 [213 P.2d 132] [nonsuit motions]; *Greenamyer v. Board of Lugo E. S. Dist.* (1931) 116 Cal.App. 319, 323-324 [2 P.2d 848] [amendment of pleadings].)

Thus, because rule 234 contains the "unless otherwise ordered" exception, at a minimum the trial court here had the discretion not to require the submission of the original promissory notes. Indeed, other than a situation in which the trial court did not believe that an original document was in fact lost or destroyed, it is difficult to imagine a court not exercising its discretion to allow the use of a copy in a default proceeding, where by definition no party has interposed an objection to the copy. (See Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2002) ¶ 5:164 [suggesting proper procedure is an application for an ex parte order directing clerk to accept copy].) The minute order clearly reflects that the trial court did not exercise discretion, as it states merely that plaintiff failed to submit originals and does not address plaintiff's excuse; nor does the reporter's transcript suggest the trial court was aware of its discretion. "The failure to exercise discretion is an abuse of discretion." (*Dickson, Carlson & Campillo v. Pole* (2000) 83 Cal.App.4th 436, 449 [99 Cal.Rptr.2d 678].) We therefore must remand the matter to the trial court to exercise the discretion that it enjoys. Given the procedural posture of the case, we need not decide the correctness of the trial court's conclusion that plaintiff failed to meet his burden of proof, as this ruling may have been predicated on the absence of the original notes. ▆▆▆ For the same reason, we do not decide the constitutional questions raised by plaintiff as that issue may be moot if the trial court exercises its discretion to admit copies of the notes.[5]

---

[5]Even if the notes were not admissible, there appears to have been no bar to plaintiff's proving up the underlying obligation represented by the commercial paper. Fairly read, the fourth amended complaint contains two causes of action for breach of contract with damages of $12,000 and $13,000, respectively. The fact that a promissory note is a negotiable instrument, subject to the Commercial Code (see Cal. U. Com. Code, § 3104, subd. (a)) does not mean it cannot be a predicate document for an underlying breach of contract action. (See *Saks v. Charity Mission Baptist Church* (2001) 90 Cal.App.4th 1116, 1132 [110 Cal.Rptr.2d 45]; *Lawler v. Jacobs* (2000) 83 Cal.App.4th 723, 731 [100 Cal.Rptr.2d 52]; *Kurtz v. Calvo*

## DISPOSITION

The order of dismissal is reversed and the matter remanded to the trial court to conduct a new default prove-up hearing consistent with the views expressed herein. Appellant to recover costs on appeal.

Cooper, P. J., and Boland, J., concurred.

(1999) 75 Cal.App.4th 191, 193 [89 Cal.Rptr.2d 99]; *Brenelli Amedeo, S.P.A. v. Bakara Furniture, Inc.* (1994) 29 Cal.App.4th 1828, 1836 [35 Cal.Rptr.2d 348].)

We also observe that the trial court's dismissal did not take into account the fact that the underlying obligations were apparently guaranteed. The record does not reflect any determination that the deficiencies in plaintiff's case against the primary obligor inured to the benefit of the guarantors. Generally, a cause of action on a guarantee is separate and apart from one on the underlying obligation. (*Consolidated Capital Income Trust v. Khaloghli* (1986) 183 Cal.App.3d 107, 112 [227 Cal.Rptr. 879]; *Bauman v. Castle* (1971) 15 Cal.App.3d 990, 994 [93 Cal.Rptr. 565].)