Filed 10/14/15  Deutsch v. Martin CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| WARREN C. DEUTSCH, as Trustee, etc., | B259527 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC519557) |
| v. | |
| IRIS MARTIN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard E. Rico, Judge.  Affirmed as modified.

Lewis R. Landau for Defendant and Appellant.

Graham • Vaage, Susan L. Vaage and Ann G. Lee for Plaintiff and Respondent.

_____

Warren C. Deutsch, Trustee of the W. & E. Deutsch Family 1987 Trust dated May 12, 1987, sued Iris Martin in August 2013 for, among other causes of action, breach of contract for failure to repay a promissory note. The parties resolved their dispute several months later and signed a written settlement agreement. Deutsch subsequently moved to enforce the settlement agreement pursuant to Code of Civil Procedure section 664.6.[1] Martin opposed the motion, principally arguing there was no enforceable agreement due to a lack of mutual consent: She insisted the document presented to the court by Deutsch was materially different from the settlement agreement she had signed and the signature on that document was not genuine. The court granted the motion and entered judgment in favor of Deutsch.

On appeal Martin contends the trial court erred in finding mutual consent and acted in excess of its jurisdiction in granting the motion and entering a judgment that retained jurisdiction over the parties until full performance of the terms of the agreement pursuant to section 664.6. She also argues the court improperly awarded Deutsch his attorney fees and costs. We agree with the last two contentions, strike the unauthorized provisions and affirm the judgment as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Deutsch's Lawsuit and the Parties' Settlement Agreement*

In his original complaint, filed August 26, 2013, Deutsch sought recovery of the balance due on a promissory note, as amended (either $250,000 or $275,000), accrued interest, specific performance of the terms of an amendment to the note, which obligated Martin to securitize the loan, and imposition of a constructive trust, claims totaling either $600,000 or $700,000.[2] After filing his complaint Deutsch recorded a notice of lis pendens on two properties owned by Martin, 31528 Broad Beach Road, Malibu, and

---

[1] Statutory references are to this code unless otherwise indicated.

[2] The original complaint is not included in the record on appeal.

2

27009 Sea Vista Drive, Malibu.  The parties began settlement discussions shortly after Martin was served with the summons and complaint.

The negotiations culminated in an agreement to settle the action in mid-November 2013.  Both parties agree Martin was motivated to settle in part by her desire to have the lis pendens on the Broad Beach Road property released or expunged so she could complete a sale of the property.  According to Deutsch, Martin agreed to, and signed, a settlement agreement that required Martin to execute a new promissory note in the principal amount of $600,000 and a deed of trust on the Sea Vista Drive property securing the new note.  Martin, on the other hand, insisted the parties' agreement provided for a promissory note of only $125,000, secured by the Sea Vista Drive deed of trust.

2. *The Motion To Enforce Settlement*

When Martin refused to comply with the terms of the parties' agreement as understood by Deutsch and as reflected in the signed version of the settlement agreement in his possession, Deutsch moved, pursuant to section 664.6, to enforce the settlement and for entry of judgment in his still pending lawsuit.  The motion was supported, in part, by a declaration from Jo Anne Erro, senior escrow officer at North American Title Company, which attached as an exhibit a copy of a settlement agreement containing the signatures of Martin on one copy of page 8, Deutsch and his attorney, Susan L. Vaage, under the notation approved and agreed to as to form on a second copy of page 8, and Martin's attorney, David L. Gernsbacher, on a third copy of page 8.  (Paragraph 6(f) of the settlement agreement provided the agreement could be executed in counterparts, that signatures could be transmitted electronically or by facsimile in lieu of a hard copy "and that such electronically transmitted or faxed signatures shall be deemed to be an original signature.")  A promissory note for $600,000 and deed of trust signed by Martin were also attached as exhibits to Erro's declaration.

In her declaration Erro explained Martin had signed the settlement agreement, promissory note and deed of trust at her office in Orange County on November 14, 2013.

3

Martin's signature on the deed of trust was notarized by Erin Tweedy, whose declaration was also submitted in support of the motion. After Martin signed the three documents, Erro scanned them and emailed copies to Deutsch's attorney with a request that she release the lis pendens on the Broad Beach Road property so its sale, which was also being handled by Erro's office, could be completed that day.

According to Erro, she had planned to send the original documents signed by Martin to Deutsch the following day, November 15, 2013. However, after an extensive search of her office, she was unable to locate the originals. Erro then called Martin to see if she had accidentally taken the documents with her the previous day;[3] Martin said she had not. Because original documents were needed to record the deed of trust on the Sea Vista Drive property, Erro told Martin she would have to sign the documents again; Martin agreed; and Erro told Martin she would send a notary public to her home in Malibu to complete the documentation.

Erro also declared that, shortly after speaking to Martin, she received a telephone call from Gernsbacher, who told her he would take care of having the three settlement documents (the agreement, the note and the deed of trust) again signed by Martin and would deliver the originals to Deutch's attorney. Gernsbacher sent a confirming email, which was attached to Erro's declaration. Original signed documents were never returned to Erro or to Vagge.

---

[3] Erro's declaration stated, when she last saw them, the originals of the settlement documents were on her desk after Martin had signed them. Erro elaborated, "When Martin came into my office on November 14th, she had brought with her a 2-foot high stack of files and documents which she spread out across my desk while she was signing documents in my office of the pending sale of the Broad Beach Property and the documents pertaining to the settlement of this action. I thought that in collecting her papers, Martin may have taken the original signed New Note, New DOT [(deed of trust)], and Settlement Agreement from my desk by mistake when gathering up her documents, as I was going back and forth from my office to our copy room to photocopy documents."

4

### 3. *Martin's Opposition*

In her opposition to the motion to enforce settlement, Martin insisted she had agreed to, and signed, a very different version of the parties' settlement agreement, as well as a deed of trust for the Sea Vista Drive property securing a note of $125,000, at Erro's office on November 14, 2013.[4] Martin declared she left the originals with Erro; unsigned copies of these two documents were attached to Martin's declaration. According to Martin, when Erro called the following day to say the originals were missing, Erro identified "an absurd version of one of Deutsch['s] ridiculous proposals that added up to over 750K owed against a loan amount of 250K, 'copies' of my signature pages attached by cut and paste and/or Photoshop." Because of the material differences between the two proffered forms of the settlement agreement, Martin argued there had been no meeting of the minds and there was no enforceable settlement agreement.

Martin objected to Erro's declaration attaching the signed versions of the settlement agreement, promissory note and deed of trust, asserting the documents were inadmissible under Evidence Code section 1521, subdivision (a), which generally allows proof of the content of a writing by otherwise admissible secondary evidence, but authorizes the court to exclude such evidence if "(1) [a] genuine dispute exists concerning material terms of the writing and justice requires the exclusion" or "(2) [a]dmission of the secondary evidence would be unfair." She also argued the agreement as proffered by Deutsch should not be enforced because it constituted an unenforceable penalty under Civil Code section 1671.

---

[4] According to the declaration filed by Deutsch's counsel, during a meeting to attempt to resolve the dispute, Martin initially denied she had signed any version of the settlement agreement at Erro's office.

4. *The Court's Order Granting the Motion and Judgment in Favor of Deutsch*

With his reply papers Deutsch objected to Martin's declaration on the ground it was not executed under penalty of perjury as required by section 2015.5.[5] Although initially inclined to sustain that objection, the trial court ultimately continued the hearing on Deutsch's motion to permit Martin to file a corrected declaration. The court also suggested Martin's litigation counsel consider obtaining a declaration from Gernsbacher, who had negotiated with Vaage on behalf of Martin and appeared to have signed the version of the agreement Deutsch was seeking to enforce.

For the continued hearing Martin did not provide a declaration from Gernsbacher. Moreover, her corrected declaration still omitted language required by section 2015.5: Although now stating that her declaration had been "[r]e-executed under the penalty of perjury," with the date and place of execution indicated, Martin failed to recite that the statements being made were true. Nonetheless, although sustaining the renewed objection to Martin's declaration as technically correct, the court indicated it had considered the content of the declaration but found "it doesn't work."

The court granted the motion, adopting its earlier tentative ruling finding that the executed version of the agreement submitted by Deutsch contained the material terms of the settlement to which both parties had agreed and that Martin had signed the documents submitted by Deutsch. The court also found that Martin had failed to show the settlement amount had no reasonable relationship to the range of actual damages the parties could have anticipated would flow from a breach and, therefore, was not an enforceable penalty.

---

[5] Section 2015.5 authorizes the court to accept, in lieu of an affidavit, an unsworn declaration or statement if the declarant "recites that it is certified or declared by him or her to be true under penalty of perjury, is subscribed by him or her, and (1), if executed within this state, states the date and place of execution, or (2), if executed at any place, within or without this state, states the date of execution and that it is so certified or declared under the laws of the State of California."

Judgment, in the form prepared by Deutsch's counsel, was entered by the court on August 20, 2014. In addition to directing Martin to deliver original signed copies of the settlement agreement, promissory note and deed of trust as attached as exhibits to the Erro declaration and to comply with all other terms of the settlement agreement, the judgment provided the court would "retain jurisdiction over Plaintiff and Martin (the 'Parties') to enforce the terms of the Parties' Settlement Agreement until performance in full of the terms of the settlement." The judgment also awarded Deutsch attorney fees and costs.

## DISCUSSION

1. *The Trial Court Properly Entertained Deutsch's Motion To Enforce Settlement and for Entry of Judgment*

Section 664.6 authorizes the court, upon motion, to enter judgment pursuant to the terms of a settlement agreement: "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement."[6]

"Section 664.6 creates . . . a summary procedure for specifically enforcing certain types of settlement agreements by converting them into judgments." (*Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 797.) Prior to the enactment of section 664.6, a party seeking to enforce a settlement made during the pendency of a lawsuit had to either file a separate action for breach of contract or seek leave to file a supplemental pleading to allege the settlement as a new claim or defense and then move

---

[6] As originally enacted former section 664.6 did not authorize the court to retain jurisdiction to enforce the settlement upon request of the parties. (See Stats. 1981, ch. 904, § 2, p. 3437.) The section was amended in 1993 to include that provision. (Stats. 1993, ch. 768, § 1, p. 4260; see generally *Wackeen v. Malis* (2002) 97 Cal.App.4th 429, 432, fn. 1.)

7

for summary judgment.  (*Weddington*, at p. 809; *Viejo Bancorp, Inc. v. Wood* (1989) 217 Cal.App.3d 200, 208.)  Summary judgment, however, would be denied if a triable issue of material fact were shown, for example, regarding the terms of the agreement.  "Expeditious enforcement of a settlement agreement was therefore not always possible."  (*Weddington,* at p. 809.)

The section 664.6 procedure empowers the trial court hearing the motion to determine disputed factual issues regarding the settlement agreement.  "Section 664.6 permits the trial court judge to enter judgment on a settlement agreement without the need for a new lawsuit.  [Citation.]  It is for the trial court to determine in the first instance whether the parties have entered into an enforceable settlement.  [Citation.]  In making that determination, 'the trial court acts as the trier of fact, determining whether the parties entered into a valid and binding settlement.  [Citation.]  Trial judges may consider oral testimony or may determine the motion upon declarations alone. . . .'"  (*Osumi v. Sutton* (2007) 151 Cal.App.4th 1355, 1360; see *Corkland v. Boscoe* (1984) 156 Cal.App.3d 989, 994 ["In acting upon a section 664.6 motion, the trial court must determine whether the parties entered into a valid and binding settlement of all or part of the case.  In making this determination, trial judges, in the sound exercise of their discretion, may receive oral testimony or may determine the motion upon declarations alone."].)

Deutsch's motion to enforce the settlement was based on a written settlement agreement signed by the parties, a copy of which was submitted with his motion.  Thus, Deutsch properly invoked the summary procedure set forth in section 664.6 to enforce the settlement; and the trial court had jurisdiction to enter a judgment pursuant to its terms.

Noting that the settlement agreement provided Deutsch would immediately file a request for dismissal of his lawsuit upon receipt of fully executed originals of the settlement agreement, the new promissory note and the notarized deed of trust, Martin argues Deutsch's lawsuit should have been dismissed with no judgment entered.  Martin reasons, if her signatures on the exhibits attached to Erro's declarations are found to be

8

genuine, then she complied with her initial obligations because the settlement agreement permitted the use of electronically transmitted signatures and deemed them "to be an original signature." Accordingly, she insists, she was entitled to a dismissal.

Martin's argument ignores the serious dispute that existed as to the validity of the settlement agreement itself and also overlooks her express obligation under paragraph 6(m) "to execute any documents and to cooperate in any reasonable manner to effectuate the terms of this Agreement," an obligation triggered by Government Code section 27201, subdivision (b)(1)'s requirement of a hard copy original signature to record the deed of trust. Moreover, whether or not Martin had breached her obligations under the settlement agreement, Deutsch was entitled to move to enforce it under section 664.6: "The statutory language makes it clear . . . that a party moving for the entry of judgment pursuant to a settlement under Code of Civil Procedure section 664.6 need not establish a breach of contract to support relief under the statute." (*Hines v. Lukes* (2008) 167 Cal.App.4th 1174, 1185.)

2. *The Motion To Enforce the Settlement Was Properly Granted*

The trial court's factual findings on a motion to enforce a settlement pursuant to section 664.6 are subject to limited appellate review and will not be disturbed if supported by substantial evidence. (*J.B.B. Investment Partners, Ltd. v. Fair* (2014) 232 Cal.App.4th 974, 984; *Osumi v. Sutton, supra*, 151 Cal.App.4th at p. 1360.) "'Consistent with the venerable substantial evidence standard of review, and with our policy favoring settlements, we resolve all evidentiary conflicts and draw all reasonable inferences to support the trial court's finding that these parties entered into an enforceable settlement agreement and its order enforcing that agreement.'" (*J.B.B. Investment Partners, Ltd.*, at p. 984.)

Erro's declaration attached a copy of the settlement agreement she testified she saw Martin sign at her office and explained she had scanned the document immediately after it was executed, thus permitting her to produce a copy of the signed agreement even though the original agreement could not be located. Nothing more was necessary to

support the trial court's findings that the parties had mutually consented to the material terms of the settlement as reflected in the executed version of the agreement submitted with Deutsch's motion. (See *Feresi v. The Livery, LLC* (2014) 232 Cal.App.4th 419, 424 [testimony of a single witness is sufficient to constitute substantial evidence]; *Citizens Business Bank v. Gevorgian* (2013) 218 Cal.App.4th 602, 613 [same]; *Kolender v. San Diego County Civil Service Com.* (2005) 132 Cal.App.4th 1150, 1155 ["'[N]either conflicts in the evidence nor "'testimony which is subject to justifiable suspicion . . . justif[ies] the reversal of a judgment, for it is the exclusive province of the [trier of fact] to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends.'" [Citations.] Testimony may be rejected only when it is inherently improbable or incredible, i.e., "'unbelievable *per se*,'" physically impossible or "'wholly unacceptable to reasonable minds'"'"].)

Martin disputes this conclusion on two grounds. First, she argues the trial court should have excluded the copy of the settlement agreement attached to the Erro declaration pursuant to Evidence Code section 1521, subdivision (a). As discussed, that Evidence Code section generally permits the use of secondary evidence, including a copy, to prove the content of a writing. (See *Kahn v. Lasorda's Dugout, Inc*. (2003) 109 Cal.App.4th 1118, 1123; *Greenspan v. LADT LLC* (2010) 191 Cal.App.4th 486, 523; see also Evid. Code, §§ 1550 [nonerasable optical image reproduction or other photographic copy or reproduction of a writing is as admissible as the writing itself if the copy or reproduction was made and preserved as a part of the records of a business]; 1553 [printed representation of images stored on a video or digital medium presumed to be an accurate representation of the image it purports to represent].) However, it also authorizes the trial court to exclude secondary evidence if there is a genuine dispute concerning the material terms of the writing and "justice requires the exclusion" or admission of the secondary evidence would be "unfair." (Evid. Code, § 1521, subd. (a)(1) & (2).) There was no suggestion Deutsch, the proponent of the evidence, was in any way responsible for the loss of the original (cf. former Evid. Code, § 1501,

Stats. 1965, ch. 299, § 2; *People v Morris* (1991) 53 Cal.3d 152, 205, disapproved on another ground in *People v. Stansbury* (1995) 9 Cal.4th 824, 830, fn. 1), or that Deutsch used the writing in a manner that could not reasonably have been anticipated. (See Cal. Law Revision Com. com., 29B pt. 4 West's Ann. Evid. Code (2015 ed.) foll. § 1251, pp. 448-449.) Indeed, other than invoking the words "justice" and "unfair," Martin does not provide any basis for us to find the trial court's consideration of the Erro exhibits was an abuse of its broad discretion. (See *Mora v. Big Lots Stores, Inc*. (2011) 194 Cal.App.4th 496, 513; *Zhou v. Unisource Worldwide* (2007) 157 Cal.App.4th 1471, 1476.)

Second, Martin contends the trial court erred in sustaining Deutsch's objection to her corrected declaration on the ground it failed to comply with section 2015.5. She argues her statement the declaration had been "[r]e-executed under the penalty of perjury," without more, substantially complied with the requirements of that provision. In any event, she insists, paragraph 14 of her declaration expressly stated that "[a] true and correct copy of the settlement agreement to which I agreed and which I signed in Erro's office is attached hereto as Exhibit 1." Accordingly, the court should have admitted at least that portion of her declaration and weighed the conflicting evidence regarding mutual consent. But that is effectively what the trial court did. Although its written order sustained Deutsch's renewed objection under section 2015.5, the court expressly stated it had considered the content of Martin's declaration and found "it doesn't work." If there was any error here, it was plainly harmless.

3. *The Trial Court Was Not Authorized To Retain Jurisdiction To Enforce the Terms of the Settlement or To Award Attorney Fees and Costs*

Section 664.6 authorizes the court to retain jurisdiction to enforce the settlement until full performance of its terms if requested by the parties. But there must be an express agreement to request the retention of jurisdiction that conforms to the requirements of section 664.6—that is, it must be made by the parties themselves either in a writing they have signed or orally before the court. (*Wackeen v. Malis* (2002) 97 Cal.App.4th 429, 440 ["the second sentence of section 664.6 must be read to have

11

equal dignity with the first sentence"; "a request that jurisdiction be retained until the settlement has been fully performed must be made either in a writing signed by the parties themselves, or orally before the court by the parties themselves"]; see *Hagan Engineering, Inc. v. Mills* (2003) 115 Cal.App.4th 1004, 1011 ["[b]ecause the court was not presented with any request to retain jurisdiction, jurisdiction was not retained"].)

The settlement agreement enforced in this case included no request for the trial court to retain jurisdiction to ensure performance of its terms. Accordingly, it was error for the court to include any such provisions in its judgment. Paragraphs 1(d) and 3 must be stricken from the judgment.[7]

We also strike paragraph 1(g) of the judgment, which awards Deutsch attorney fees of $11,900 and costs of $60 "incurred . . . in bringing its Motion to Enforce Settlement and for Entry of Judgment." Paragraph 2(f) of the settlement agreement expressly provides that Deutsch and Martin will bear their own costs and fees in connection with Deutsch's original action and the ensuing settlement of the lawsuit: "Each Party shall bear its/her own costs and attorneys' fees in connection with the Civil Action and this Settlement Agreement." Just as the court could not retain jurisdiction over the parties absent their express agreement and request, so too it was not authorized to disregard the parties' express agreement concerning attorney fees and costs. (See *Weddington Productions, Inc. v. Flick, supra*, 60 Cal.App.4th at p. 810 ["nothing in section 664.6 authorizes a judge to *create* the material terms of a settlement, as opposed to deciding what terms *the parties themselves* have previously agreed upon"]; see also *Hernandez v. Board of Education* (2004) 126 Cal.App.4th 1161, 1176 ["[t]he court is

---

[7] Paragraph 1(d) provides, "This Court shall retain jurisdiction over the Plaintiff and Martin (the 'Parties') to enforce the terms of the Parties' Settlement Agreement until performance in full of the terms of the settlement." Paragraph 3 provides, "This Court shall retain jurisdiction of this matter, and shall resolve any disputes relating thereto, until all terms and conditions of the Settlement Agreement have been satisfied and completed."

powerless to impose on the parties more restrictive or less restrictive or different terms than those contained in their settlement agreement"].)

Deutsch's attempt to justify the court's award of attorney fees by referring to the provision in the new promissory note executed by Martin requiring Martin to pay legal expenses incurred to collect the note is disingenuous. The proceedings before the trial court were to enforce the settlement agreement, which included requiring Martin to sign (or sign again) the note, as reflected in the judgment ultimately entered. It was not an action to collect on the note itself.

## DISPOSITION

The judgment is modified by striking paragraphs 1(d), 1(g), and 3. The judgment is affirmed as modified. The parties are to bear their own costs on appeal.

PERLUSS, P. J.

We concur:

SEGAL, J.

BECKLOFF, J.*

---

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

13