Filed 7/3/18

**CERTIFIED FOR PUBLICATION**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE**

**APPELLATE DIVISION**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | Case Nos: APP1700214 |
| v. | APP1700215 APP1700216 APP1800074 |
| | APP1800075  APP1800077  APP1800082 |
| JASPREET SEKHON | APP1800089 |
| Defendant and Appellant, | (Trial Court: DK37757JS) |
| | |
| [And seven other cases.*] | OPINION |

---

\* *People v. Jessie Ponce* (No. CV1923JP); *People v. Benjamin Petra* (No. CV191048BP); *People v. Jeffrey Schaefer* (No. DS10861JS); *People v. Duc Tran* (No. DS12358DT); *People v. Jin Soo Kim* (DK42080JK); *People v. Catherine Cirrincione* (No. DK42079CC); *People v. Senthilvelan Mohandoss* (No. DK42227SM).

1

APPEAL from a judgment of the Superior Court of Riverside County, B.J. Bjork, Judge. (Retired judge of the Riverside Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.); Kristi Hester, Commissioner. Affirmed. Shaffer Cormell, for Defendants and Appellants.

Michael A. Hestrin, Deputy District Attorney, for Plaintiff and Respondent.


DISCUSSION

In this consolidated appeal, Appellants were cited for various violations of the California Vehicle Code. Prior to each court trial, Appellants objected to the trial judge not being physically present and the use of video conferencing equipment to conduct the trials. The trial court in each case overruled Appellants' objection and permitted the trial to proceed. After testimony and oral arguments, the trial courts found Appellants guilty. Appellants filed timely notices of appeal.

We have reviewed Appellants' opening briefs and the official transcripts of the electronic recordings. In this case of first impression, we address whether a trial court's use of video conferencing equipment in an infraction trial is permissible over a defendant's objection.

The use of video conferencing and other electronic communication technology has been found to be permissible in certain circumstances and for certain proceedings in both criminal and civil cases. In general, the use of such technology is subject to constitutional considerations, such as the right of a defendant to confront witnesses against him, and proper security and reliability of the technology with guidelines for the use established by rules of court. One of the areas in which the use of remote technology faces the highest

scrutiny are when a proceeding involves the presentation of evidence and witnesses to be cross-examined. This is because one of the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his trial. (Illinois v. Allen (1970) 397 U.S. 337, 338.)

It is beyond dispute that "Courts have inherent power to adopt any suitable method of practice, both in ordinary actions and special proceedings, if the procedure is not specified by statute or by rules adopted by the Judicial Council. [Citation.]" (Citizens Utilities Co. v. Superior Court (1963) 59 Cal.2d 805, 812-813.) That inherent power entitles trial courts to exercise reasonable control over all proceedings connected with pending litigation in order to insure the orderly administration of justice. (See Hays v. Superior Court (1940) 16 Cal.2d 260, 264-265.) Thus, courts are permitted to formulate rules of procedure where justice demands it. (Adamson v. Superior Court (1980) 113 Cal.App.3d 50, 509.) The Legislature has also recognized the authority of courts to manage their proceedings and to adopt suitable methods of practice. (See Code Civ. Proc., §§ 128, 187; Rutherford v. Owens-Illinois, Inc. (1997) 16 Cal.4th 953, 967.) It is also well established that courts have fundamental inherent equity, supervisory, and administrative powers, as well as inherent power to control litigation before them. (Coffle v. Superior Court (1992) 3 Cal.App.4th 1367, 1377.) In addition to their inherent equitable power derived from the historic power of equity courts, all courts have inherent supervisory or administrative powers which enable them to carry out their duties, and which exist apart from any statutory authority. (Bauguess v. Paine (1978) 22 Cal.3d 626, 636-637.) However, even with this authority, courts must tread carefully when creating

3

new procedures as appellate courts will not authorize new procedures of dubious constitutional validity. (In re Amber S. (1993) 15 Cal.App.4th 1260, 1266.) "Nor may we bless procedural innovations inconsistent with the will of the Legislature or that usurp the Legislature's role by fundamentally altering criminal procedures." (People v. Lujan (2012) 211 Cal.App.4th 1499, 1507.)

However, regardless of their source of authority, "trial judges have no authority to issue courtroom local rules which conflict with any statute" or are "inconsistent with law." (Kalivas v. Barry Controls Corp. (1996) 49 Cal.App.4th 1152, 1160.) There is no dispute the Judicial Council is authorized to adopt rules and forms governing infraction trials. (Cal. Const., art. VI, § 6; California Court Reporters Assn. v. Judicial Council of California (1995) 39 Cal.App.4th 15, 21.) Although not cited by any of the moving papers, there does exist a Rule of Court that governs the permissive use of video proceedings in traffic infraction cases upon request from a defendant. Rule 4.220, effective February 1, 2013, and amended effective September 1, 2015, authorizes a superior court to permit arraignments, trials, and related proceedings concerning traffic infractions to be conducted by two-way remote video communication methods when certain conditions are met. Rule 4.220 establishes the minimum procedural requirements necessary when a defendant requests the use of two-way remote video communication equipment.

"The usual rules of statutory construction are applicable to the interpretation of the California Rules of Court. [Citation.] This means our primary object is to determine the drafters' intent. The words of the statute are the starting point. Words used in a statute ...

4

should be given the meaning they bear in ordinary use. [Citations.] If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature " (Kahn v. Lasorda's Dugout, Inc. (2003) 109 Cal.App.4th 1118, 1 122-1123.) The plain language of rule 4.220 only addresses a situation when a defendant requests to appear via remote two-way video communication and when a judge and witnesses are at another location than a defendant. Rule 4.220 does address the current issue at hand of whether a trial court is authorized to require a defendant to the use remote video equipment when the trial judge is in a separate location from both the defendant and the witnesses.

Rule 4.220(b)(2) defines "remote video proceeding" as "electronic audiovisual communication between the defendant, any witnesses, and the court in lieu of the physical presence of both the defendant and any witness in the courtroom." This is not what occurred in these matters. Rather in all of these cases both the defendant and all the witnesses were in one courtroom and the trial judge was located in another courtroom. Further, rule 4.220(c) specifically states that the application of this rule only applies when the defendant requests to proceed according to this rule." Therefore, although rule 4.220 exists and is related to the issue at hand, we must resolve this matter on constitutional grounds.

Under California statutory law, a person charged with an infraction has some, but not all, of the constitutional rights afforded a defendant in a misdemeanor criminal prosecution. For example, Penal Code section 19.6 specifically states that a person charged with an infraction does not have a right to appointed counsel or a trial by jury.

5

Instead, "[t]rial of an infraction shall be by the court...." (Pen. Code, § 1042.5.) A person charged with a Vehicle Code infraction does have a statutory right to be present and to confront and cross-examine witnesses. (Veh. Code, § 40901, subd. (c).) In this regard, Vehicle Code section 40901, subdivision (c), provides as follows: "Prior to the entry of a waiver of constitutional rights ... the court shall inform the defendant in writing of the nature of the proceedings and of his or her right to confront and cross-examine witnesses ... and to hire counsel at his or her own expense. The court shall ascertain that the defendant knowingly and voluntarily waives his or her right to be confronted by the witnesses against him or her, to subpoena witnesses on his or her behalf, and to hire counsel on his or her behalf before proceeding."

The right to presence during the trial of a traffic infraction was created by statute under Vehicle Code sections 40512.5 and 40901 with reference to Penal Code section 1043. Because the right was conferred by the state, any errors are evaluated under the harmless error standard set forth in People v. Watson (1956) 46 Cal.2d 818, 836. (See also People v. Crayton (2002) 28 Cal.4th 346, 363-364; People Wilen (2008) 165 Cal.App.4th 270, 288-289.) Under that standard, reversal is only warranted for a miscarriage of justice if it "is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (Watson, supra, at p. 836.) In addition, a "[d]efendant has the burden of demonstrating that his absence prejudiced his case or denied him a fair trial. [Citations.]" (People v. Bradford (1997) 15 Cal.4th 1229, 1357.)

The Sixth Amendment of the U.S. Constitution guarantees a criminal defendant "the right to be confronted with the witnesses against him." Further, the Fourteenth Amendment makes the guarantees of this clause obligatory upon the States. (Illinois v. Allen (1970) 397 U.S. 337, 338.) The right of confrontation ordinarily requires a face-to-face encounter. (See Coy v. Iowa (1988) 487 U.S. 1012, 1016 ["We have never doubted ... that the Confrontation Clause guarantees the defendant a face-to-face meeting with witnesses appearing before the trier of fact"]; Ohio v. Roberts (1980) 448 U.S. 56, 63, ["The Court has emphasized that the Confrontation Clause reflects a preference for face-to-face confrontation at trial"]; see also Mattox v. United States (1895) 156 U.S. 237, 242—243; People v. Murphy (2003) 107 Cal.App.4th 1150, 1153.) Similar to the Sixth Amendment of the federal Constitution, the California Constitution states as follows: "The defendant in a criminal cause has the right to be personally present with counsel, and to be confronted with the witnesses against the defendant." (Cal. Const., art. l, § 15.)

Moreover, Appellants fail to address what prejudice was suffered to warrant a reversal. Rather, Appellants claim "the violation of the guarantee to a public trial requires reversal without any showing of prejudice" and cites to Waller v. Georgia (1984) 467 U.S. 39, 49. Nothing in the record demonstrates Appellants were not afforded the right to a public trial. There is no allegation the images displayed or the sound quality on either end of the two-way video conferencing were unclear or inaudible. Additionally, the advent of major developments in videoconferencing equipment, including the use of high definition technology, allow a judge to see the most detailed observations of a witness,

7

almost eliminating any concerns of a judge not being physically present in the same courtroom. Therefore, applying the harmless error standard, we conclude even if the trial court erred in requiring the use of two-way video conferencing, any such error was harmless.

DISPOSITION

The judgment is affirmed.

_____
CABRERA, Acting P. J.*

I CONCUR,


_____
WILLIAMS, J.†

* Judge of the San Bernardino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution

† Judge of the San Bernardino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution

APALOO, J.*, I dissent

I dissent with the majority's opinion and find the trial court's practice violates both the California Constitution as well as rule 4.220. I find this error to be structural error and cannot be resolved applying harmless error. Therefore, I would reverse the judgment and remand for a new trial consistent with this dissent.

The California Constitution provides defendants the right to be "personally present," which is explained by the Judicial Council in Notice and Waiver of Rights and Request for Remote Video Arraignment and Trial (TR 505) to mean they have a right to be present in court at all stages of the proceeding, including arraignment and trial. Although a defendant can always waive their rights, the practice of the trial court requiring defendants to submit to a trial via two-way remote video communication denies defendants their right to personal presence, absent a waiver. Under section 15 of article I of the California Constitution, a criminal defendant has the right to be "personally present with counsel, and to be confronted with the witnesses against the defendant." Further, under the Sixth Amendment's confrontation clause, a criminal defendant has the right to be personally present when his appearance is necessary to prevent "interference with [his] opportunity for effective cross examination." (Kentucky v. Stincer (1987) 482 U.S. 730, 744-745, fn. 17.) Similarly, under the Fourteenth Amendment's due

* Judge of the San Bernardino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution

process clause, a criminal defendant has the right to be personally present at a "stage ... that is critical to [the] outcome" and "his presence would contribute to the fairness of the procedure." (Kentucky v. Stincer, supra, 482 U.S. at p. 745.) To preserve these inherent rights the Judicial Council has provided the availability of remote video proceedings under strict conditions, which have not been met in these cases.

Therefore, I find the denial of a person's constitutionally guaranteed right represents a fundamental change in the process, which not only denies face-to-face confrontation, but a trial court's ability to observe a witness to determine credibility.

Rule 4.220 establishes the minimum procedural requirements necessary when a trial court uses two-way remote video communication equipment as well as the required forms. (See Judicial Council Form Nos. TR-500-lNFO [Instructions to Defendant for Remote Video Proceeding]; TR-505 [Notice and Waiver of Rights and Request for Remote Video Arraignment and Trial]; TR-510 [Notice and Waiver of Rights and Request for Remote Video Proceeding]. )

In particular, rule 4.220 only allows the use of video proceedings for a traffic infraction trial at the request of a defendant. In each of these matters, Appellants objected to the use of two-way remote video communication equipment to conduct their trials and did not complete the mandatory forms for requesting a trial using video communication equipment. Specifically, rule 4.220(a) states "[a] superior court may by local rule permit arraignments, trials,

2

and related proceedings concerning the traffic infractions" under the conditions stated in rule 4.220. As the Superior Court for the County of Riverside does not have a local rule allowing video proceedings for traffic arraignments and/or trials, it is not authorized to conduct remote video proceedings.

Rule 4.220(c), states the minimum procedural requirements for courts to conduct remote video proceedings upon request from a defendant. Thus, a mandatory prerequisite for the use of remote video proceedings is a request by a defendant. Moreover, in the definition of the words "remote video proceeding," the term "courtroom" describes where the judge is located not where the defendant and witnesses are located, therefore I disagree with the majority's contention that Appellants were present in the courtroom for confrontation clause purposes.

Thus, under a plain reading of rule 4.220 a defendant must consent in writing to the use of two-way remote video communications equipment to conduct court trials on infractions. As Appellants did not consent, their sentences must be vacated.

_____
APALOO, J.[*]

---

[*] Judge of the San Bernardino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution

3